HYATT *v.* WIGGINS.

Opinion delivered February 4, 1929.

*Sam T. Poe, Tom Poe* and *McDonald Poe,* for appellant.

*Fred A. Isgrig* and *Phillip McNemer,* for appellee.

KIRBY, J., (after stating the facts). It is insisted that the court erred in the giving of the instruction objected to, relative to the changed specifications for the use of galvanized wire instead of steel in reinforcing the concrete, the jury being told, in effect, that the changed specification had been agreed to by appellants; but the majority is of opinion, in which the writer does not concur, that a fair construction of the instruction does not warrant this conclusion, and that, since the law was properly declared in other instructions in harmony with and not contradictory thereof, there was no error committed in the giving of the instruction in the form requested, and that no prejudice could have resulted therefrom.

The evidence is sharply in conflict as to whether there was any parol agreement made between the parties about the use of galvanized wire for reinforcing in lieu of steel provided to be used in the written contract, but the jury has found against appellants on this point, and, there being substantial testimony supporting the verdict, it will not be disturbed here.

Neither does the court find that error was committed in the giving or refusing to give instructions relative to the measure of damages for injury resulting from failure to construct the culvert in accordance with the contract therefor. Under the instruction given, the jury were authorized to find the damages consisted in the difference between the value of the property sold had the conduit been constructed in accordance with the contract and its value without such properly constructed and after the collapse thereof. The conduit was without value except

as a necessary drainageway for carrying off the surface water from the premises, and, under the circumstances, the damages would have been the difference in value of the property with the conduit or drain properly constructed in accordance with the contract and its value with the conduit constructed as it was in fact made.

The undisputed testimony showed what the value of the property was before and after the collapse of the conduit, and that the difference in such value was decidedly more than the cost of reconstruction of the conduit, and also the complaint alleged appellants were entitled to such damages of reduced value in addition to the cost of reconstruction of the conduit.

After a careful examination the court has concluded that there is no prejudicial error in the record, and the judgment is accordingly affirmed.